IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JORGE ANTONIO-LORENZO NIETO                                        PLAINTIFF
ADC #172485

V.                        Case No. 4:25-CV-00068-KGB-BBM

JERRY TOLBERT, Chaplain, Barbara A.
Ester; JOE PAGE, Warden, Arkansas
Department of Corrections; JOHN DOE,
Deputy Director, Arkansas Department of
Corrections; and DAVID SHOCKEY,
Chaplain, Barbara A. Ester                                        DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Chief Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

I.      **DISCUSSION**

On January 27, 2025, Plaintiff Jorge Antonio-Lorenzo Nieto ("Nieto"), an inmate in the Barbara Ester Unit of the Arkansas Division of Correction, filed a *pro se* Complaint in the Western District of Arkansas. (Doc. 1). The case was transferred to this district. (Docs. 3–4).

Before the Court could screen the Complaint in accordance with the Prison Litigation Reform Act,[1] Nieto's mail from the Court was returned undeliverable. (Doc. 7). A notation on the envelope indicated that Nieto was paroled. *Id.*

So, on April 28, 2025, the Court entered an Order giving Nieto thirty days to file a notice of his current mailing address. (Doc. 8). Importantly, the April 28 Order cautioned Nieto that, if he failed to timely and properly comply, his case could be dismissed without prejudice pursuant to LOCAL RULE 5.5(c)(2). *Id*. at 1.

Specifically, under LOCAL RULE 5.5(c)(2), Nieto has a duty to: (1) promptly notify the Clerk of any changes in his address; (2) monitor the progress of his case; and (3) prosecute his case diligently. Additionally, LOCAL RULE 5.5(c)(2) provides that if any communication from the Court to a *pro se* plaintiff, like Nieto, is not responded to within 30 days, the case may be dismissed without prejudice. *Id*.

Nieto has not provided the Court with a current mailing address, nor has he responded to the Court's April 28 Order. Accordingly, his case should be dismissed without prejudice pursuant to LOCAL RULE 5.5(c)(2).

## II.   CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1. Nieto's Complaint, (Doc. 1), be DISMISSED without prejudice for lack of prosecution.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b).

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any order adopting this Recommended Disposition and the accompanying judgment would not be taken in good faith.

DATED this 13th day of June, 2025.

*Benecia Moore*
_____
UNITED STATES MAGISTRATE JUDGE